

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-7-2006

# Sharma v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1613

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Sharma v. Atty Gen USA" (2006). *2006 Decisions.* Paper 938.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/938

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**DPS-212**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1613
_____

RAJ KUMAR SHARMA,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(Agency No. A72 432 452)
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 4, 2006

BEFORE: FUENTES, VAN ANTWERPEN, and [1]ROTH <u>CIRCUIT JUDGES</u>

(Filed:  June 7, 2006)

_____

OPINION
_____

PER CURIAM

    Raj Kumar Sharma, a native and citizen of India, petitions for review of an order

_____

    [1]The Honorable Jane R. Roth assumed senior status on May 31, 2006.

of the Board of Immigration Appeals ("BIA") denying his motion to reopen his immigration proceedings. The Government moves for a summary affirmance of the BIA's order. We will grant the Government's motion and deny the petition for review.

In 1991, Sharma entered the United States without inspection. A notice to appear was issued in 1998. Sharma conceded his removability for being present without being admitted or paroled. He applied for asylum, withholding of removal, and relief under the Convention Against Torture. Sharma claimed that he feared the police in India would persecute him because they believed he supported the Sikhs. An Immigration Judge ("IJ") found Sharma not credible and denied his applications for relief. In 2002, the BIA affirmed the IJ's decision. Sharma did not file a petition for review. In 2005, Sharma filed a motion to reconsider the BIA's decision. The BIA found the motion untimely and denied it. This Court denied Sharma's petition for review of the BIA's denial of reconsideration.

Sharma subsequently filed a motion to reopen the BIA's decision. He conceded the motion was untimely, but he maintained that he satisfied the exception to the filing deadline based upon changed circumstances in India. Sharma stated that the Indian government promulgated new anti-terrorism legislation that increased the power of law enforcement agencies. He stated that the police have engaged in human rights abuses with impunity. Sharma argued that his life is now at greater risk should he return to India because the police believed he supported the Sikhs. Sharma further argued that the IJ's adverse credibility determination was incorrect.

2

In denying the motion to reopen, the BIA explained that, even if Sharma satisfied the exception to the filing deadline based upon changed circumstances in India, he did not establish prima facie eligibility for asylum. The BIA also construed Sharma's motion to reopen as a motion to reconsider its 2002 affirmance of the IJ's decision denying his applications for relief from removal. The BIA denied the motion to reconsider as untimely and number-barred.

Sharma filed a counseled petition for review and a motion for a stay of removal. The Government moves for summary affirmance of the BIA's decision. The Court reviews the BIA's denial of a motion to reopen for abuse of discretion. Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). Under this standard, the Court will reverse the BIA's decision only if it is arbitrary, irrational, or contrary to law. Id.

The BIA correctly concluded that, even if Sharma satisfied the exception to the filing deadline based upon changed circumstances in India, he did not establish prima facie eligibility for asylum. See Guo, 386 F.3d at 563 (stating that the prima facie standard requires the applicant to produce objective evidence showing a reasonable likelihood that he can establish that he is entitled to relief). As recognized by the BIA, the IJ had already found not credible Sharma's claim that the police would persecute him because they believed he supported the Sikhs. In his motion to reopen, Sharma argued that, in making the adverse credibility determination, the IJ relied on minor inconsistencies and was insensitive to his cultural differences. Sharma, however, provided no examples of the alleged errors by the IJ. His conclusory arguments do not

3

cast doubt on the IJ's decision.

In his response to the Government's motion for summary affirmance, Sharma argues that the BIA erred in relying on the IJ's adverse credibility determination in denying his motion to reopen under our decision in Guo. We disagree. The alien in Guo, who was a Chinese citizen, sought asylum based upon a claim of religious persecution. The IJ found her not credible. The alien then filed a motion to reopen based upon her subsequent pregnancy and a claim that she would be persecuted for violating China's one-child policy. The Court concluded that the BIA erred in relying on the IJ's adverse credibility determination in evaluating the motion to reopen where that determination was unrelated to the claim raised in the motion to reopen. Guo, 386 F.3d at 562. The present case is distinguishable from Guo because Sharma's motion to reopen is based upon the same claim of persecution as his asylum application, which the IJ found not credible.

Sharma also challenges the BIA's conclusion that his motion to reopen, when construed as a motion to reconsider the BIA's 2002 affirmance of the IJ's decision, is number-barred. Sharma recognizes that the immigration regulations only allow the filing of one motion to reconsider "any given decision." See 8 C.F.R. § 1003.2(b)(2). Sharma argues, however, that the regulations are not controlling because the Immigration and Nationality Act is silent as to the permissible number of motions to reconsider a denial of asylum. He notes that the statute only provides that an alien may file "one motion to reconsider a decision that the alien is removable from the United States." 8 U.S.C. § 1229a(c)(6)(A).

4

This argument lacks merit. Under Sharma's reading of the statute, he would not be permitted to file a motion to reconsider the denial of asylum at all. After all, under his reading, the statute only authorizes the filing of a motion to reconsider a decision that an alien is removable. We instead understand the statutory and regulatory framework to allow an alien to file one motion to reconsider a prior decision. As the BIA correctly held, Sharma has already moved once to have the original asylum decision reconsidered. He was entitled to no more attempts to have the same decision reconsidered.

Because this appeal does not raise a substantial question, the Government's motion for summary affirmance is granted. We will deny the petition for review.[2]

---

[2] Sharma's motion for a stay of removal is denied.